UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICA ZAMORA ZARAZUA, individually and doing business as El Comal,<br><br>    Defendant. | Case No. 20cv00816–LAB–MSB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** [Dkt. 12] |

On January 7, 2021, Plaintiff G & G Closed Circuit Events, LLC ("Plaintiff") sought default judgment against Defendant America Zamora Zarazua ("Defendant"), d/b/a El Comal Antojitos Mexicanos Restaurant ("El Comal"). (Dkt. 6). Plaintiff claims that Defendant unlawfully "intercepted, received and published" a boxing fight that was displayed on Defendant's televisions in El Comal without first obtaining the sublicensing rights for it. The Court granted default judgment on September 30, 2021, (Dkt. 10), and awarded a total judgment of $2,625.00, representing $1,750.00 in statutory damages and $875.00 in conversion fees.

Plaintiff now seeks attorneys' fees and costs incurred in connection with this action. For the reasons stated below, Plaintiff's motion is **GRANTED IN PART**.

## I. ATTORNEYS' FEES

### A. Legal Standard

Reasonable attorneys' fees are recoverable under both 47 U.S.C. § 553(c)(2)(C) and § 605(e)(3)(B)(iii) for an "aggrieved party who prevails," including any person with proprietary rights in an intercepted communication by wire, radio, or cable operator, including wholesale or retail distributors of satellite cable programming. 47 U.S.C. § 553(a)(1) and 605(d)(6). This would include "a program distributor with exclusive distribution rights." *J&J Sports Prods., Inc. v. Nguyen*, No. 13–CV–02008–LHK, 2014 WL 60014, at *5 (N.D. Cal. Jan. 7, 2014).

"Once a party is found eligible for fees, the district court must then determine what fees are reasonable." *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019) (quoting *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016)). The presumptive method to calculate this is the "lodestar method," which "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Using this method, courts calculate "the number of hours reasonably expended on the litigation and then multiply that number by a reasonable hourly rate." *Id.; Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

The party seeking attorneys' fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rate." *Hensley*, 461 U.S. at 437. This includes "submitting evidence of the hours worked, the rate charged, and that the rate charged is in line with the prevailing market rate of the relevant community." *G&G Closed Circuit Events, LLC v. Parker*, No. 3:20–cv–00801–BEN–RBB, 2018 WL 164998, at *2 (S.D. Cal. Jan. 19, 2021) (quoting *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006)). The relevant community is "the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205–06 (9th Cir. 2013) (quoting

*Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)); *see also Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1261–63 (9th Cir. 1987) ("The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation."). If the moving party in a fee motion "satisfies its burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622–23 (9th Cir. 1993). Furthermore, the Court has discretion to exclude those hours for which it would be unreasonable to compensate the prevailing party because, for example, they are "excessive, redundant, or otherwise unnecessary." *G&G Closed Circuit Events, LLC v. Pacheco*, No. 18–cv–00462–BTM–AGS, 2019 WL 3388362, at *2 (S.D. Cal. Jul. 25, 2019) (quoting *Gonzalez*, 729 F.3d at 1203).

### B. Discussion

#### i. Thomas Riley

Counsel for Plaintiff, Thomas Riley ("Mr. Riley" or "Plaintiff's Counsel"), demonstrates that his hourly rate of $550 is reasonable. Mr. Riley is a licensed attorney and member in good standing in three states: Pennsylvania, New Jersey, and California. (Dkt. 12-1, Declaration of Thomas Riley ("Riley Decl."), ¶ 3). He has been practicing law for approximately twenty-eight years, and his firm has specialized in the civil prosecution of commercial signal piracy claims since December 1994. (*Id.* at ¶¶ 3–4).

This District has held a range of rates from $450–750 per hour to be reasonable for a senior partner. *See Gallagher v. Philipps*, No. 20cv00993–LL–BLM, 2022 WL 848329, at *3 (S.D. Cal. Mar. 22, 2022); *Youngevity Int'l Corp. v. Smith*, No. 16–cv–0070–BTM–JLB, 2018 WL 2113238, at *5 (S.D. Cal. May 7, 2018) ("Courts in this district have held a range of rates from $450-750 per hour reasonable for a senior partner in a variety of litigation contexts and specialties.").

Mr. Riley's hourly rate of $550 falls within this range and is reasonable.

Having determined the hourly rate is reasonable, the Court must next determine whether the number of hours billed by Mr. Riley on this case—2.61 hours—is reasonable. Mr. Riley provides a billing statement with block-billed time entries, reflecting the time he expended on various tasks. (Riley Decl., Ex. 1). Mr. Riley worked a total of 2.61 hours, (*id.*), and in his supporting declaration, he explains that "[b]illable hours for legal services rendered are reconstructed by way of a thorough review of the files themselves." (*Id.* ¶ 7). But as with what appears to be Mr. Riley's usual practice, these "reconstructed" records are not contemporaneous and therefore less reliable and more likely to be inaccurate. *See G & G Closed Cir. Events, LLC v. Hernandez*, No. 20-CV-2112-MMA (RBB), 2021 WL 3290422, at *2 (S.D. Cal. Aug. 2, 2021) ("Thus, the 'reconstructed' billing records are not contemporaneous. This appears to be Mr. Riley's standard practice."). Moreover, many of his time entries appear duplicative of tasks completed by either his research attorney or administrative assistant. (*See* Riley Decl., Ex. 1). But because his time entries are in block-billed format, it's difficult for the Court to ascertain exactly how much time he billed on these duplicative tasks.

Courts may reduce an award of attorneys' fees where the documentation of the hours is inadequate, the hours are duplicated, or the hours expended are excessive or otherwise unnecessary. *See Hensley*, 461 U.S. at 438 n.13; *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (citation omitted). The Court therefore finds that a one-third reduction of Mr. Riley's total hours is appropriate to mitigate against the risks associated with his duplicative and non-contemporaneous billing. Of the 2.61 billed by Mr. Riley, the number of hours reasonably expended by him is 1.75, and the Court thus awards a total of $962.50 in attorney's fees to Mr. Riley.

### ii. Research Attorney

Plaintiff additionally requests $1,800.00 in attorneys' fees for an unnamed

research attorney, for 6.00 billable hours at a rate of $300 per hour. (Riley Decl. ¶ 3). Plaintiff supports its motion for fees by providing cursory information about the research attorney's academic credentials, bar admission status, and employment at Mr. Riley's firm. (*Id.*). But the motion and accompanying declaration don't even identify who this research attorney is by name, nor do they provide any information to substantiate that $300 is a reasonable hourly rate for a like attorney in this forum—a necessary component of the lodestar method. *See Jordan*, 815 F.2d at 1263 ("The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation."). Plaintiff fails to include the type of details required for the Court to adequately assess the reasonableness of the fees requested.

Despite previous courts repeatedly raising this issue with him, Plaintiff's Counsel again neglects to provide relevant information about this research attorney. *See, e.g.*, *G & G Closed Cir. Events, LLC v. Hernandez*, No. 20-CV-2112-MMA (RBB), 2021 WL 3290422, at *3 (S.D. Cal. Aug. 2, 2021) ("However, the research attorney is not given a name, and there is no supporting information that demonstrates that his $300 hourly rate is reasonable in this forum."); *G & G Closed Cir. Events, LLC v. Garcia*, No. CV-19-05134-PHX-SPL, 2020 WL 5535758, at *4 (D. Ariz. Sept. 15, 2020) (finding insufficient the brief description of the unnamed research attorney's qualifications); *G & G Closed Cir. Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2020 WL 1703630, at *4 (D. Ariz. Apr. 8, 2020) ("Mr. Riley's research attorney also poses a problem because (as is his usual practice) Mr. Riley has provided only scant information about this unidentified attorney, namely that he has practiced law for 25 years and worked with Mr. Riley for 10 of those.").

Because Plaintiff again fails to meet its burden of proving that the $300 hourly

rate is reasonable, the Court does not award attorneys' fees for the unnamed research attorney. *See Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1160 (9th Cir. 2018) ("In a case in which a defendant fails to appear or otherwise defend itself, however, the burden of scrutinizing an attorney's fee request—like other burdens—necessarily shifts to the court."); *see also Hernandez*, 2021 WL 3290422, at *3 (declining to award attorneys' fees to an unnamed research attorney); *J&J Sports Prods., Inc. v. Segura*, No. 4:17–cv–05335–YGR (KAW), 2018 WL 1868271, at *8 (N.D. Cal. Apr. 19, 2018) (recommending denial of fees for the "unsubstantiated work" of Riley's unnamed research attorney).

### iii. Administrative Assistant

Plaintiff also requests $713.90 in fees for an unidentified administrative assistant, for 6.49 billable hours at a rate of $110 per hour. (Riley Decl. ¶ 6, Ex. 1 at 3). The billing invoice provided to the Court reflects block-billed entries for the administrative assistant's tasks, many of which are duplicative of tasks billed for by Riley and the research attorney, including review of court filings, preparation of motions, and execution of proofs of service. (*Id.*, Ex. 1).

But courts in this Circuit have routinely "declined to award fees for clerical work by administrative assistants, particularly where there is a lack of specificity in such billing and the billing is duplicative of attorney time." *J & J Sports Prods. Inc. v. Cervantes*, No. 116CV00485DADJLT, 2019 WL 935387, at *4 (E.D. Cal. Feb. 26, 2019) (providing list of example cases); *see also J & J Sports Prods., Inc. v. Medoza-Lopez*, No. 17CV06421YGRJSC, 2018 WL 5099262, at *2 (N.D. Cal. Aug. 13, 2018) (declining to award administrative fees "where, as here, counsel has block-billed time for himself and the administrative assistant for performing the same tasks"); *J&J Sports Prods., Inc. v. Marini*, No. 1:16–cv–0477–AWI–JLT, 2018 WL 2155710, at *2 (E.D. Cal. May 10, 2018) (declining to award fees for tasks completed by the administrative assistant). And where, as here, the work conducted by the administrative assistant is purely clerical in nature, including

reviewing and preparing files, filing and serving motions, and executing proofs of service, it "should be absorbed into a firm's overhead rather than billed at a set rate." *Hernandez*, 2021 WL 3290422, at *3 (citing *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)); *see also Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) ("We find that the district court did not abuse its discretion in declining to award [the plaintiff's] attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons.").

Accordingly, the Court declines to award fees for the work performed by the administrative assistant.

### iv. Conclusion

The Court awards a total of $962.50 in attorneys' fees.

## II. COSTS

In addition to reasonable attorneys' fees, Plaintiff also requests $2,411.77 in pre-filing investigative expenses, courier and photocopy charges, and filing fees. (*See* Riley Decl., Ex. 1 at 3). Plaintiff provides documentation for the investigative charges in the form of three invoices, although none provide any information about the investigators' qualifications or the extent of the investigators' services. (*See id.*, Ex. 2).

In line with other courts in this Circuit, the Court declines to award pre-filing investigative costs, particularly given Plaintiff's lack of properly documented invoices. *See G & G Closed Cir. Events, LLC v. Velasquez*, No. 1:20-CV-1736 JLT SAB, 2022 WL 348165, at *6 (E.D. Cal. Feb. 4, 2022) ("Because investigative expenses are not generally recoverable costs, denial of Plaintiff's request for the investigation costs is appropriate."); *G&G Closed Circuit Events, LLC v. Miranda*, No. 20–cv–07684–CRB, 2022 WL 35602, at *3 (N.D. Cal. Jan. 4, 2022) ("Pre-filing investigative costs are not costs incurred in prosecuting the lawsuit and thus not recoverable."); *G&G Closed Cir. Events, LLC v. Barajas-Quijada*, No. 1:19-CV-1259 AWI JLT, 2020 WL 1640005, at *3 (E.D. Cal. Apr. 2, 2020) (requiring

documentation "beyond the submission of a bare invoice to be provided to support an award of investigative costs"); *Joe Hand Promotions, Inc. v. Beltran*, 2019 WL 3501451, at *4 (S.D. Cal. Jul. 31, 2019) ("pre-filing investigative costs are not typically awarded by courts in this circuit").

The Court awards costs in the amount of $511.77 for reimbursement of filing fees, courier charges, and photocopy charges.

### III.   CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for attorneys' fees and costs. The Court **AWARDS** Plaintiff a total of $1,474.27, representing $962.50 in attorneys' fees and $511.77 in costs.

**IT IS SO ORDERED.**

Dated:  July 29, 2022

*[signature]*

Honorable Larry Alan Burns
United States District Judge